EXXON CORPORATION, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. DC–75.

Temporary Emergency Court of Appeals.

Argued Jan. 24, 1980.
Decided Feb. 26, 1980.

---

David J. Beck, Fulbright & Jaworski, Houston, Tex., with whom David L. Tolin, Sr., and Ronald D. Secrest, Houston, Tex., Warren Belmar, David R. Johnson, John M. Simpson, Fulbright & Jaworski, Washington, D. C., and Barbara Finney, Exxon Corp., Houston, Tex., were on brief for defendant-appellant.

John P. McKenna and Larry P. Ellsworth, Dept. of Energy, Washington, D. C., with whom Richard H. Levi, Neal J. Tonken, Timothy D. Trushel, Dean S. Cooper, and Alice Daniels, Robert Franzinger, Dina Lassow, Dept. of Justice, Washington, D. C., were on brief for plaintiff-appellee.

Before MORGAN, PECK and LACEY, Judges.

MEMORANDUM

PER CURIAM.

This matter is an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) (1976), Fed. R.App.P. 5, and TECA Rule 1, of an order of the United States District Court for the District of Columbia, denying defendant-appellant's motion to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Plaintiff-appellee invoked the jurisdiction of the court below under section 209 of the Economic Stabilization Act of 1970 (ESA), as amended, 12 U.S.C. § 1904 note (1976), seeking there a judgment against the defendant-appellant for restitution, civil penalties and injunctive and declaratory relief for alleged violations of the Mandatory Petroleum Price Regulations, 10 C.F.R. §§ 212.1.188 (1978), issued by the Department of Energy (DOE) and its predecessor agencies. Defendant-appellant's motion to dismiss was grounded upon the contention that the district court lacked subject matter jurisdiction over the suit because it was instituted without DOE having first proceeded through what the motion urged is a congressionally mandated "administrative compliance process." Motion to Dismiss, App. 56–57.

Additionally, in its motion the defendant-appellant contended that dismissal of the complaint was required because, by initiating the suit, DOE (1) "violated the procedural safeguards and substantive rights conferred on defendant [appellant] by Ruling 1977–2 and failed to adhere to its administrative procedures regulations", *id.* at 57; and (2) "unjustifiably deviated from a consistent practice and policy of pursuing administrative enforcement", *id.* at 92.[1]

United States District Judge Flannery, in a thoughtful and well-reasoned opinion, App. 357,[2] found no merit to the contentions

---

1. Defendant-appellant here relied upon *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

 Ruling 1977–2 appears at 42 Fed.Reg. 4409 (1977).

2. Judge Flannery's opinion is reported at 470 F.Supp. 674 (D.D.C.1979).

raised by the defendant-appellant. He was not persuaded by defendant-appellant's argument that Congress, by implication, had repealed a statute which, on its face, obviously admits of no other interpretation than that DOE may institute suit in a United States District Court

> [w]henever it appears . . . that any individual or organization has engaged, is engaged, or is about to engage in any acts or practices constituting a violation of any order or regulation under [the ESA] . . . .

Economic Stabilization Act of 1970, Pub. L.No. 91–379, § 209, 84 Stat. 796 (amended 1971) (codified at 12 U.S.C. § 1904 note (1976)).

Judge Flannery also found without merit defendant-appellant's *Accardi* contentions. App. 373, *et seq.*

■ After careful consideration, and for the reasons set forth in Judge Flannery's opinion, we hold that Congress did not condition the district court's subject matter jurisdiction herein by requiring that DOE first proceed through the administrative enforcement process; and we also hold that DOE violated neither Article III of the United States Constitution nor its own regulations and practices in instituting suit, notwithstanding it had originally filed an administrative proceeding, which it terminated after commencement of suit.[3]

---

**3.** Defendant-appellant also sought to raise on this appeal whether Judge Flannery acted properly in denying it certain discovery. That is not before us, and we decline to rule on the matter.